# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES GASPARINO<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 1:15-cv-02478<br><br>**COMPLAINT** |

Plaintiff JAMES GASPARINO ("Plaintiff") respectfully brings this complaint against Defendant ALLSTATE INSURANCE COMPANY ("Allstate" or "Defendant"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this breach of contract action based on Defendant's failure to make sufficient payment for the covered flood losses and damage that his home and property sustained from Superstorm Sandy.[1]

## PARTIES

2. Plaintiff is an individual and owner of 154 Ebbitts Street, Staten Island, New York (the "Insured Property"), and has been at all times material to this complaint.

3. Defendant is a private insurance company organized under the laws of the State of Illinois and doing business in New York. It maintains its principal business office in Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062.

4. Defendant issued to Plaintiff a Standard Flood Insurance Policy (the "SFIP" or

---

[1] The Federal Emergency Management Agency (FEMA) uses the term "Meteorological Event" Sandy. This complaint uses the term "Superstorm" Sandy for simplicity.

"policy"), policy number 3800388385.

5. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001 *et seq*.

6. Defendant acts as a fiscal agent of the United States as part of the WYO program pursuant to 44 C.F.R. §§ 62.23(d) and (i)(6). It is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under SFIPs which it has issued. Defendant is responsible for the SFIP at issue.

## JURISDICTION AND VENUE

7. This action arises under the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §§ 4001 *et seq.* (the NFIA). Jurisdiction is proper under 42 U.S.C. § 4072, which gives federal courts exclusive jurisdiction over all disputed claims under an NFIA policy without regard to the amount in controversy, whether brought against the Government or a WYO company.

8. The Court has exclusive jurisdiction to hear this action pursuant to 28 U.S.C. § 1331 because the action requires the application of federal statutes and regulations and involves substantial questions of federal law.

9. Venue is proper in this Court under 42 U.S.C. § 4072 and 28 U.S.C. § 1391. The Insured Property is situated in Richmond County in the Eastern District of New York.

## FACTUAL ALLEGATIONS

1. Allstate sold and issued a Standard Flood Insurance Policy to Plaintiff to insure his property located at 154 Ebbitts Street, Staten Island, New York 10306.

2. The policy period, as reflected in the declarations, was July 19, 2012 to July 19,

2013. A true and correct copy of the declarations as provided to Plaintiff is attached hereto as **Exhibit A**.

3. The policy was issued in exchange for good and valuable consideration provided by Plaintiff. Plaintiff paid a $2,051 premium for $250,000.00 in building coverage to insure his dwelling. In lieu of attaching the policy as part of this complaint, Plaintiff incorporates the Standard Flood Insurance Policy by reference, as set forth in 44 C.F.R. Pt. 61, App. A(1) (Dwelling Form). Included in the premium was a premium for Increased Cost of Compliance ("ICC"). Damages sought in this action do not include ICC.

4. On or about October 29, 2012, Superstorm Sandy made landfall in the greater New York Metropolitan area, which caused flooding of the Plaintiff's property and the surrounding area.

5. As a direct and proximate result of this flooding, Plaintiff suffered a direct physical loss to his home, and has incurred and will incur expenses.

6. The policy was in full force and effect at the time of Superstorm Sandy.

7. Based on the policy, Defendant agreed, among other things, to pay Plaintiff for direct physical loss to the Insured Property's dwelling and other eligible structures and property caused by or from a "flood" as defined in the policy.

8. Based on the Defendant's assessment of Plaintiff's property damage, Plaintiff received payments for building coverage totaling $73,407.37.

9. The amount that Plaintiff has been paid does not fully and fairly pay, indemnify, or compensate him for his covered flood losses and damage under the policy.

10. Plaintiff has performed all conditions precedent for the coverages, payments, and benefits afforded by the policy.

11. Before commencing this lawsuit, Plaintiff submitted to Defendant dated, signed and sworn Proofs of Loss with supporting documentation, meeting the requirements of the policy.

12. The total flood damage claimed under the Proofs of Loss was $117,483.20.

13. Defendant rejected the Proofs of Loss by letter dated May 1, 2014.

## CLAIM FOR RELIEF

## BREACH OF CONTRACT

14. Plaintiff incorporates all of the allegations stated above into this cause of action.

15. Plaintiff and Defendant entered into a contract when Plaintiff purchased and Allstate issued the policy.

16. The policy provided flood insurance coverage to Plaintiff, for, among other things, physical damage caused by flood to Plaintiff's property located at the insured address.

17. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with Allstate regarding Plaintiff's claims. Plaintiff complied with all conditions precedent to Plaintiff's recovery herein, including appropriate and adequate demands, or Allstate waived or excused such conditions precedent.

18. Defendant has failed and/or refused to comply with the terms and provisions of the policy and Defendant's requirements under the NFIA and its implementing rules and regulations. As a result, Defendant has breached the insurance contract with Plaintiff.

19. Defendant has failed and/or refused to timely and adequately pay, indemnify, and compensate Plaintiff for his covered flood losses and damage, including the amount claimed in his proof of loss. As a result, Defendant has breached the insurance contract with Plaintiff.

20. Defendant's letter dated May 1, 2014, as referenced above, additionally shows

and constitutes a breach of contract.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor for:

    A.    Such amounts as Plaintiff may prove at trial;

    B.    Reasonable attorneys' fees and expenses pursuant to the Equal Access to Justice Act, and the costs and disbursements of this action; and

    C.    Such additional relief as the Court may deem just and proper.

Respectfully submitted,

By: s\Michael Heinemann
Michael Heinemann, Esq.
Logan Schiff, Esq.
Staten Island Legal Services
36 Richmond Terrace, Suite 205
Staten Island, NY 10301.
Tel.: (718) 233-6480
Fax: (718) 448-2264
lschiff@silsnyc.org

Dated: Staten Island, NY
April 30, 2015